ELECTRONICALLY FILED - 2025 Jun 11 8:44 AM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** <br> **COUNTY OF ORANGEBURG** <br><br> DAVID GAINEY, <br><br> *Plaintiff*, <br><br> -v- <br><br> EXCLUSIVE MOVING AND DELIVERY, LLC, and FRANKLYN F. RODRIGUEZ, <br><br> *Defendants*. | **IN THE COURT OF COMMON PLEAS** <br> **FOR THE FIRST JUDICIAL CIRCUIT** <br><br> CASE NO: <br><br><br> **COMPLAINT** |

Plaintiff David Gainey, by and through his undersigned attorneys, complains of Defendants and alleges as follows:

### Parties, Venue, and Jurisdiction

1. Plaintiff David Gainey ("Plaintiff") was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff is a resident of Awendaw, Charleston County, South Carolina.

2. Defendant Franklyn F. Rodriguez ("Defendant Rodriguez") was driving the vehicle that crashed into the rear of Plaintiff 's vehicle and caused Plaintiff's injuries. Upon information and belief, Defendant Rodriguez is a citizen of the State of North Carolina and a resident of Charlotte, Mecklenburg County, North Carolina.

3. Defendant Exclusive Moving and Delivery, LLC ("Defendant Exclusive Moving") is a domestic limited liability company with its headquarters located in Charlotte, Mecklenburg County, North Carolina. Upon information and belief, all members of Defendant Exclusive Moving are residents of Charlotte, Mecklenburg County, North Carolina.

4. At all times relevant to this action, Defendant Rodriguez was an agent, servant, and/or employee of Defendant Exclusive Moving, individually or jointly.

5. At all times relevant to this Complaint, Defendant Exclusive Moving's agents, servants, and/or employees acted in the course and scope of their employment with Defendant Exclusive Moving.

6. This Court has personal jurisdiction over the Defendants because Defendant Exclusive Moving was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant Rodriguez, and this cause of action relates to and arises out of Defendant Exclusive Moving's contacts with South Carolina, as further shown below.

## COUNT I
(Negligence *per se* as to Defendant Rodriguez)

7. Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

8. On or about October 19, 2024, Defendant Rodriguez was driving a commercial vehicle Hino 258/268 delivery box truck (VIN 5PVNJ8JV0J4S68777) westbound on Interstate 26 near Orangeburg, Orangeburg County, South Carolina.

9. Defendant Rodriguez owed Plaintiff statutory duties to operate his vehicle reasonably and safely to not cause injury to Plaintiff.

10. Defendant Rodriguez failed to exercise due care to avoid crashing into Plaintiff.

11. Defendant Rodriguez breached his duty to Plaintiff by failing to exercise due care to avoid crashing into the rear of the vehicle in which Plaintiff was an occupant.

12. Defendant Rodriguez's violation of his statutory duties constitutes negligence *per se*.

13. Defendant Rodriguez's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

14. Defendant Rodriguez's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

   a. Significant past and future medical expenses;
   b. Lost income and reduced earning capacity;
   c. Emotional distress and anxiety;
   d. Mental anguish;
   e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   f. Other damages as will be shown in the discovery and trial of this case.

15. Because Plaintiff was injured as a direct result of Defendant Rodriguez's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

16. Defendant Rodriguez's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Rodriguez for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Rodriguez violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## **COUNT II**
(Negligence as to Defendant Rodriguez)

17. Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

18. Defendant Rodriguez owed Plaintiff a common-law duty to do the following:

ELECTRONICALLY FILED - 2025 Jun 11 8:44 AM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

ELECTRONICALLY FILED - 2025 Jun 11 8:44 AM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

   a. Keep a proper lookout;
   b. Maintain appropriate attention on the road while driving;
   c. Maintain his vehicle in a roadworthy manner;
   d. Yield the right of way to Plaintiff;
   e. Apply his brakes to timely stop his vehicle;
   f. Operate his truck in a safe manner and at a safe speed; and
   g. Drive reasonably carefully with respect for the rights and safety of others, such as Plaintiff.

19. Defendant Rodriguez breached his duty to Plaintiff in the following ways:

   a. Failing to keep a proper lookout;
   b. Driving while distracted;
   c. Failing to slow when traffic ahead of him was slowing and stopping;
   d. Failing to timely brake and stop the truck;
   e. Crashing into Plaintiff instead of steering around or away from Plaintiff;
   f. Failing to yield the right of way to Plaintiff;
   g. Operating the vehicle in an unsafe manner or at an unsafe speed, or
   h. Driving unreasonably and carelessly without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

20. Defendant Rodriguez's breach, as described above, was not only negligent but also grossly negligent, careless, reckless, willful, and wanton.

21. Defendant Rodriguez's negligence, gross negligence, carelessness, recklessness, willfulness, and wanton breach of duty directly and proximately caused Plaintiff serious injuries, as well as Plaintiff's outstanding medical bills. As a direct result of Defendant Rodriguez's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

   a. Significant past and future medical expenses,
   b. Lost income and reduced earning capacity,
   c. Personal property damage,
   d. Emotional distress and anxiety,
   e. Mental anguish,
   f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
   g. Other damages as will be shown in the discovery and trial of this case.

22. Because Plaintiff was injured as a direct result of Defendant Rodriguez's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

23. Defendant Rodriguez's acts and omissions demonstrate such want of care as to show Defendant Rodriguez was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Exclusive Moving and Defendant Rodriguez should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Rodriguez for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Rodriguez violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## **COUNT III**
(Vicarious Liability as to Defendant Exclusive Moving)

31. Plaintiff adopts, incorporates, and realleges the allegations of the preceding paragraphs.

32. At the time of the crash that is the subject of this lawsuit, Defendant Rodriguez acted in the scope of his employment on behalf of Defendant Exclusive Moving.

33. Defendant Exclusive Moving, thus acting through its agent, servant, and employee Defendant Rodriguez, is vicariously liable for Defendant Rodriguez's negligent, careless, reckless, wanton, willful, and grossly negligent acts as outlined in the first and second causes of action.

34. Plaintiff asks this Court to enter judgment ordering Defendant Exclusive Moving to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

ELECTRONICALLY FILED - 2025 Jun 11 8:44 AM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

## COUNT IV

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Exclusive Moving)

35. Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

36. Defendant Exclusive Moving was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Rodriguez to operate a vehicle on Defendant Exclusive Moving's behalf in one or more of the following ways:

   a. Failing to review Defendant Rodriguez's driving history;
   b. Failing to assess Defendant Rodriguez's driving skills;
   c. Hiring Defendant Rodriguez to drive on Defendant Exclusive Moving's behalf despite Defendant Rodriguez's history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Defendant Rodriguez, or if such policies and procedures were in place, failing to enforce them;
   e. Failing to ensure Defendant Rodriguez had proper training and experience to operate a vehicle for Defendant Exclusive Moving safely and effectively; and
   f. Otherwise failing to investigate Defendant Rodriguez's skill and history with a commercial motor vehicle, train Defendant Rodriguez in proper driving procedures, supervise Defendant Rodriguez's driving, failing to release Defendant Rodriguez from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37. Based on Defendant Rodriguez's unsafe driving history, Defendant Exclusive Moving knew or should have known that hiring, training, supervising, or retaining Defendant Rodriguez posed a risk of foreseeable harm to third parties.

38. Plaintiff asks this Court to enter judgment ordering Defendant Exclusive Moving to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award his actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

        **MORGAN & MORGAN P.A.**

        /*s/ James G. Biggart II*
        JAMES G. BIGGART II, ESQ.
        SC Bar No.: 106477
        M. COOPER KLAASMEYER, ESQ.
        SC Bar No.: 105795
        4401 Belle Oaks Drive, Suite 300
        North Charleston, SC 29405
        Telephone: (843) 973-5186
        Fax:     (843) 947-6113
        jbiggart@forthepeople.com
        swright@forthepeople.com
        **Attorneys for the Plaintiff**

June 11, 2025
Charleston, South Carolina

ELECTRONICALLY FILED - 2025 Jun 11 8:44 AM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788