ELECTRONICALLY FILED - 2025 Jul 17 11:52 AM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF ORANGEBURG ) <br> ) <br> DAVID GAINEY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXCLUSIVE MOVING AND ) <br> DELIVERY, LLC AND FRANKLYN ) <br> F. RODRIGUEZ, ) <br> ) <br>     Defendants. | IN THE COURT OF COMMON PLEAS <br> FIRST JUDICIAL CIRCUIT <br><br> CASE NO.:   2025CP3800788 <br><br><br> **DEFENDANTS' ANSWER TO** <br> **PLAINTIFF'S COMPLAINT** |

Defendants Exclusive Moving and Delivery, LLC and Franklyn F. Rodriguez ("Defendants"), by and through their undersigned counsel, respond to Plaintiff's Complaint as follows:

1. Defendants are without sufficient information or knowledge to admit the allegations contained in Paragraph 1 of Plaintiff's Complaint, and they are therefore denied.

2. As to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendants admit that Defendant Rodriguez was driving the vehicle involved in the accident with Plaintiff and that Defendant Rodriguez is a citizen of the State of North Carolina and a resident of Charlotte, Mecklenburg County, North Carolina. Defendants deny all remaining allegations contained in Paragraph 2.

3. Defendants admit the allegations contained in Paragraphs 3 through 5 of Plaintiff's Complaint.

4. Defendants denies the allegations as stated in Paragraph 6 of Plaintiff's Complaint.

5. In response to Paragraph 7 of Plaintiff's Complaint, Defendants reiterate their responses to Paragraphs 1 through 8 as if fully set forth herein.

6. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

7. Paragraph 9 of Plaintiff's Complaint contains legal conclusions to which no response is required. Should a judge deem that a response be made, Defendants deny the allegations as stated.

8. Defendants deny the allegations contained in Paragraphs 10 through 16 of Plaintiff's Complaint.

9. In response to Paragraph 17 of Plaintiff's Complaint, Defendants reiterate their responses to Paragraphs 1 through 16 as if fully set forth herein.

10. Paragraph 18 of Plaintiff's Complaint contains legal conclusions to which no response is required. Should a judge deem that a response be made, Defendants deny the allegations as stated.

11. Defendants deny the allegations contained in Paragraphs 19 through 23 of Plaintiff's Complaint.

12. In response to Paragraph 31of Plaintiff's Complaint, Defendants reiterate their responses to Paragraphs 1 through 30 as if fully set forth herein.

13. Defendants admit the allegations contained in Paragraph 32 of Plaintiff's Complaint.

14. Defendants deny the allegations as stated in Paragraph 33 of Plaintiff's Complaint.

15. Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 34 of Plaintiff's Complaint, and deny any allegations contained therein.

16. In response to Paragraph 35 of Plaintiff's Complaint, Defendants reiterate their responses to Paragraphs 1 through 34 as if fully set forth herein.

17. Defendants deny the allegations contained in Paragraphs 36 and 37 of Plaintiff's Complaint.

ELECTRONICALLY FILED - 2025 Jul 17 11:52 AM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

18. Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 38 of Plaintiff's Complaint, and deny any allegations contained therein.

19. Defendants deny any and all allegations which they have not specifically admitted.

20. Defendants deny that Plaintiff is entitled to the relief sought in the unnumbered "WHEREFORE" paragraph of his Complaint.

## FOR A FIRST DEFENSE
### Comparative Negligence

Defendants allege that the accident as set forth in the Complaint was possibly due to Plaintiff's willful, wanton, reckless, careless and negligent acts, omissions, and/or conduct of which combined with, concurred with, and exceeded any willful, wanton, reckless or negligent acts and conduct on the part of Defendants, which is specifically denied, to bring about the injuries and claimed damages, as the proximate cause thereof, and without which the same would not have occurred and bars any recovery by Plaintiff.

That if Defendants were equally negligent as Plaintiff, or more negligent than Plaintiff, which is specifically denied, the amount of recovery of damages, if any, must be reduced in proportion to the amount of Plaintiff's negligence.

## FOR A SECOND DEFENSE
### No Punitive Damages

The Complaint fails to state a claim for punitive damages upon which relief may be granted.

As to the demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1966); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

Plaintiff's claim for punitive damages is barred, reduced, bifurcated, capped, or otherwise impacted by the South Carolina Fairness in Civil Justice Act of 2011 and/or similar and/or related state statutes and limitations.

To the extent that the Complaint seeks punitive damages, Defendants affirmatively plead the following in regard to punitive damages:

(a) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina.

(b) An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina.

(c) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina;

(d) An award of punitive damages in this civil action would amount to an excessive fine in violation of the due process provisions of the Eighth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina; and

(e) Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

**FOR A THIRD DEFENSE**
**Sudden Emergency**

Defendants plead the sudden emergency doctrine as complete defense to all claims by Plaintiff.

### FOR A FOURTH DEFENSE
### Unavoidable Accident

Defendants assert that the accident at issue in this matter may have been unavoidable for due to the conditions then and there existing which created the situation. Defendants therefore plead the unavoidable accident defense as a bar to Plaintiff's claims.

### FOR A FIFTH DEFENSE
### Lack of Proximate Cause

Defendants alleged acts or omissions were not the proximate cause of Plaintiff's claimed injuries.

### FOR A SIXTH DEFENSE
### Reservation and Incorporation

Defendants reserve the right to raise additional defenses as discovery has not begun.

WHEREFORE, having fully answered the Complaint, Defendants demand that:

(a)   the Complaint be dismissed;

(b)   Defendants be awarded their costs of this action;

(c)   that there be a trial by jury; and

(d)   for any further relief as this Court deems just and proper.

This 17th day of July 2025.

By: <u>s/ W. James Flynn</u>
    W. James Flynn
    SC Bar No. 15830
    4000 S. Faber Place Drive
    Charleston, SC 29405
    jflynn@chartwelllaw.com
    (704) 313-6645 Phone
    (610) 666-7704 Fax
    Attorneys for Defendants Exclusive Moving and Delivery, LLC and Franklyn E. Rodriguez

ELECTRONICALLY FILED - 2025 Jul 17 11:52 AM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788