EXHIBIT A

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| DAVID GAINEY, | ) | |
| | ) | CASE NO.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EXCLUSIVE MOVING AND | ) | |
| DELIVERY, LLC AND FRANKLYN | ) | |
| F. RODRIGUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS'**
**NOTICE OF REMOVAL**

Defendants Exclusive Moving and Delivery, LLC and Franklyn F. Rodriguez hereby remove this action from the Orangeburg County, South Carolina Court of Common Pleas to the United States District Court for the District of South Carolina, Orangeburg Division. Defendants provide this notice pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. As set forth below, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. All requirements for removal of this action are met. In support of this Notice, Defendants state as follows:

1.

Exclusive Moving and Delivery, LLC and Franklyn F. Rodriguez are defendants in a civil action brought against them in the Orangeburg County, South Carolina Court of Common Pleas

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

styled *David Gainey v. Exclusive Moving and Delivery, LLC and Franklyn F. Rodriguez*, Case No: 2025CP3800788.  Copies of the Summons and Complaint and in that action are attached hereto, marked, respectively, Exhibits "A" and "B."

2.

Plaintiff commenced this action by service of process consisting of said Summons and Complaint upon Exclusive Moving and Delivery, LLC on Exclusive Moving and Delivery, LLC on June 23, 2025 and on Franklyn F. Rodriguez on June 20, 2025. This Petition is timely filed within thirty (30) days of such service of process upon Defendants.  Copies of Plaintiff's Affidavit of Service as to each of the Defendants are attached as Exhibits "C" and "D."

3.

Defendants timely filed an Answer to Plaintiff's Complaint in the Court of Common Pleas. A copy of Defendants' Answer is attached hereto, marked Exhibit "E" and made a part hereof.

4.

Defendants filed an Offer of Judgment Pursuant to Rule 68, SCRCP in the Court of Common Pleas on June 26, 2025.  A copy of Defendants' Offer of Judgment is attached as Exhibit "F."  The attached Summons, Complaint, Answer, Affidavits of Service, and Offer of Judgment constitute all pleadings that have been filed in the Court of Common Pleas.

5.

There is diversity of citizenship among the parties. Per Plaintiff's Complaint, he is a resident of Awendaw, Charleston County, South Carolina.  Defendant Exclusive Moving and Delivery, LLC is a corporation that is not a citizen of the State of South Carolina, where this action

- 2 -

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP380078

was brought, but rather it is incorporated in North Carolina and maintains its principal place of business in Charlotte, North Carolina.  None of its members reside in South Carolina.  Defendant Franklyn F. Rodriguez is a citizen of North Carolina who resides in Charlotte, North Carolina.

6.

The amount in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.  Defendants made an Offer of Judgment in the amount of $75,001.00 on June 26, 2025.  Under Rule 68 of the South Carolian Rules of Civil Procedure, an offer of judgment expires twenty days after notification, and is considered rejected if the offeree does not file a written acceptance of the offer.  Plaintiff did not accept Defendants' Offer of Judgment before it expired on July 16, 2025.  By operation of Rule 68, SCRCP, Plaintiff rejected Defendants' offer of $75,001.00.

7.

Accordingly, this is a civil action brought in the Orangeburg County, South Carolina Court of Common Pleas for which this United States District Court has original jurisdiction pursuant to Section 1332 of Title 28 of the United States Code due to diversity of citizenship of the parties as well as the amount in controversy.

8.

Defendants have given written notice of the filing of this Notice of Removal to Plaintiff and to the Orangeburg County, South Carolina Clerk of Court in proper accordance with Section 1446(d), Title 28 of the United States Code. A copy of this Notice of Filing of Notice of Removal is attached hereto as Exhibit "G".

WHEREFORE, Defendants prays that this petition be filed, and that said action be removed to and proceed in this Court, and that no further proceedings be had in said case in the Orangeburg County Court of Common Pleas.

Respectfully submitted this 17th day of July 2025.

By:

/s/ W. James Flynn
W. James Flynn
SC Bar No. 15830
4000 S. Faber Place Drive
Charleston, SC 29405
jflynn@chartwelllaw.com
(704) 313-6645 Phone
(610) 666-7704 Fax
Attorneys for Defendants Exclusive Moving and Delivery, LLC and Franklyn E. Rodriguez

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

Exhibit A - Summons Common Pleas Court

ELECTRONICALLY FILED - 2025 Jun 11 3:34 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

**STATE OF SOUTH CAROLINA**
**COUNTY OF ORANGEBURG**

DAVID GAINEY,

    *Plaintiff*,

   -v-

EXCLUSIVE MOVING AND
DELIVERY, LLC, and
FRANKLYN F. RODRIGUEZ,

    *Defendants*.

**IN THE COURT OF COMMON PLEAS**
**FOR THE FIRST JUDICIAL CIRCUIT**

CASE NO:

**SUMMONS**

**TO THE DEFENDANT ABOVE-NAMED:**

    **YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

    **MORGAN & MORGAN P.A.**

/s/ *James G. Biggart II*
JAMES G. BIGGART II, ESQ.
SC Bar No.: 106477
M. COOPER KLAASMEYER, ESQ.
SC Bar No.: 105795
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:    (843) 947-6113
jbiggart@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

June 11, 2025
Charleston, South Carolina

Exhibit B–Complaint Common Pleas Court

ELECTRONICALLY FILED - 2025 Jun 17 3:34 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

STATE OF SOUTH CAROLINA
COUNTY OF ORANGEBURG

DAVID GAINEY,

    *Plaintiff*,

   -v-

EXCLUSIVE MOVING AND
DELIVERY, LLC, and
FRANKLYN F. RODRIGUEZ,

    *Defendants*.

IN THE COURT OF COMMON PLEAS
FOR THE FIRST JUDICIAL CIRCUIT

CASE NO:

**COMPLAINT**

Plaintiff David Gainey, by and through his undersigned attorneys, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1.    Plaintiff David Gainey ("Plaintiff") was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff is a resident of Awendaw, Charleston County, South Carolina.

2.    Defendant Franklyn F. Rodriguez ("Defendant Rodriguez") was driving the vehicle that crashed into the rear of Plaintiff 's vehicle and caused Plaintiff's injuries. Upon information and belief, Defendant Rodriguez is a citizen of the State of North Carolina and a resident of Charlotte, Mecklenburg County, North Carolina.

3.    Defendant Exclusive Moving and Delivery, LLC ("Defendant Exclusive Moving") is a domestic limited liability company with its headquarters located in Charlotte, Mecklenburg County, North Carolina. Upon information and belief, all members of Defendant Exclusive Moving are residents of Charlotte, Mecklenburg County, North Carolina.

4.      At all times relevant to this action, Defendant Rodriguez was an agent, servant, and/or employee of Defendant Exclusive Moving, individually or jointly.

5.      At all times relevant to this Complaint, Defendant Exclusive Moving's agents, servants, and/or employees acted in the course and scope of their employment with Defendant Exclusive Moving.

6.      This Court has personal jurisdiction over the Defendants because Defendant Exclusive Moving was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant Rodriguez, and this cause of action relates to and arises out of Defendant Exclusive Moving's contacts with South Carolina, as further shown below.

**COUNT I**
(Negligence *per se* as to Defendant Rodriguez)

7.      Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

8.      On or about October 19, 2024, Defendant Rodriguez was driving a commercial vehicle Hino 258/268 delivery box truck (VIN 5PVNJ8JV0J4S68777) westbound on Interstate 26 near Orangeburg, Orangeburg County, South Carolina.

9.      Defendant Rodriguez owed Plaintiff statutory duties to operate his vehicle reasonably and safely to not cause injury to Plaintiff.

10.     Defendant Rodriguez failed to exercise due care to avoid crashing into Plaintiff.

11.     Defendant Rodriguez breached his duty to Plaintiff by failing to exercise due care to avoid crashing into the rear of the vehicle in which Plaintiff was an occupant.

12.     Defendant Rodriguez's violation of his statutory duties constitutes negligence *per se*.

ELECTRONICALLY FILED - 2025 Jun 17 8:34 AM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

ELECTRONICALLY FILED - 2025 Jun 17 3:34 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP380078

13.     Defendant Rodriguez's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

14.     Defendant Rodriguez's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

  a.    Significant past and future medical expenses;
  b.    Lost income and reduced earning capacity;
  c.    Emotional distress and anxiety;
  d.    Mental anguish;
  e.    Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
  f.    Other damages as will be shown in the discovery and trial of this case.

15.     Because Plaintiff was injured as a direct result of Defendant Rodriguez's violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

16.     Defendant Rodriguez's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Rodriguez for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Rodriguez violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## COUNT II
### (Negligence as to Defendant Rodriguez)

17.     Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

18.     Defendant Rodriguez owed Plaintiff a common-law duty to do the following:

ELECTRONICALLY FILED - 2025 Jun 17 3:34 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

a.  Keep a proper lookout;
b.  Maintain appropriate attention on the road while driving;
c.  Maintain his vehicle in a roadworthy manner;
d.  Yield the right of way to Plaintiff;
e.  Apply his brakes to timely stop his vehicle;
f.  Operate his truck in a safe manner and at a safe speed; and
g.  Drive reasonably carefully with respect for the rights and safety of others, such as Plaintiff.

19.    Defendant Rodriguez breached his duty to Plaintiff in the following ways:

a.  Failing to keep a proper lookout;
b.  Driving while distracted;
c.  Failing to slow when traffic ahead of him was slowing and stopping;
d.  Failing to timely brake and stop the truck;
e.  Crashing into Plaintiff instead of steering around or away from Plaintiff;
f.  Failing to yield the right of way to Plaintiff;
g.  Operating the vehicle in an unsafe manner or at an unsafe speed, or
h.  Driving unreasonably and carelessly without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

20.    Defendant Rodriguez's breach, as described above, was not only negligent but also grossly negligent, careless, reckless, willful, and wanton.

21.    Defendant Rodriguez's negligence, gross negligence, carelessness, recklessness, willfulness, and wanton breach of duty directly and proximately caused Plaintiff serious injuries, as well as Plaintiff's outstanding medical bills. As a direct result of Defendant Rodriguez's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

a.  Significant past and future medical expenses,
b.  Lost income and reduced earning capacity,
c.  Personal property damage,
d.  Emotional distress and anxiety,
e.  Mental anguish,
f.  Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
g.  Other damages as will be shown in the discovery and trial of this case.

22.     Because Plaintiff was injured as a direct result of Defendant Rodriguez's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

23.     Defendant Rodriguez's acts and omissions demonstrate such want of care as to show Defendant Rodriguez was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Exclusive Moving and Defendant Rodriguez should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Rodriguez for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Rodriguez violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## <u>COUNT III</u>

(Vicarious Liability as to Defendant Exclusive Moving)

31.     Plaintiff adopts, incorporates, and realleges the allegations of the preceding paragraphs.

32.     At the time of the crash that is the subject of this lawsuit, Defendant Rodriguez acted in the scope of his employment on behalf of Defendant Exclusive Moving.

33.     Defendant Exclusive Moving, thus acting through its agent, servant, and employee Defendant Rodriguez, is vicariously liable for Defendant Rodriguez's negligent, careless, reckless, wanton, willful, and grossly negligent acts as outlined in the first and second causes of action.

34.     Plaintiff asks this Court to enter judgment ordering Defendant Exclusive Moving to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Exclusive Moving)

35.    Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

36.    Defendant Exclusive Moving was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Rodriguez to operate a vehicle on Defendant Exclusive Moving's behalf in one or more of the following ways:

   a.    Failing to review Defendant Rodriguez's driving history;
   b.    Failing to assess Defendant Rodriguez's driving skills;
   c.    Hiring Defendant Rodriguez to drive on Defendant Exclusive Moving's behalf despite Defendant Rodriguez's history of unsafe driving;
   d.    Failing to have policies and procedures to train or monitor Defendant Rodriguez, or if such policies and procedures were in place, failing to enforce them;
   e.    Failing to ensure Defendant Rodriguez had proper training and experience to operate a vehicle for Defendant Exclusive Moving safely and effectively; and
   f.    Otherwise failing to investigate Defendant Rodriguez's skill and history with a commercial motor vehicle, train Defendant Rodriguez in proper driving procedures, supervise Defendant Rodriguez's driving, failing to release Defendant Rodriguez from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37.    Based on Defendant Rodriguez's unsafe driving history, Defendant Exclusive Moving knew or should have known that hiring, training, supervising, or retaining Defendant Rodriguez posed a risk of foreseeable harm to third parties.

38.    Plaintiff asks this Court to enter judgment ordering Defendant Exclusive Moving to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

ELECTRONICALLY FILED - 2025 Jun 17 3:34 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

**WHEREFORE**, Plaintiff asks this Court to award his actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

                                        **MORGAN & MORGAN P.A.**

                                        */s/ James G. Biggart II*
                                        JAMES G. BIGGART II, ESQ.
                                        SC Bar No.: 106477
                                        M. COOPER KLAASMEYER, ESQ.
                                        SC Bar No.: 105795
                                        4401 Belle Oaks Drive, Suite 300
                                        North Charleston, SC 29405
                                        Telephone: (843) 973-5186
                                        Fax:     (843) 947-6113
                                        jbiggart@forthepeople.com
                                        swright@forthepeople.com
                                        **Attorneys for the Plaintiff**

June 11, 2025
Charleston, South Carolina

ELECTRONICALLY FILED - 2025 Jun 17 3:34 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800768

Exhibit C-Affidavit Service Def Exclusive

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS<br>FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF ORANGEBURG | |
| | CASE NO.: 2025-CP-38-00788 |
| David Gainey,<br>　　　　　Plaintiff, | |
| | **AFFIDAVIT OF SERVICE** |
| vs. | |
| Exclusive Moving and delivery, LLC,<br>Franklyn F. Rodriguez | |
| 　　　　　Defendants. | |

Personally appeared before me the affiant who, being duly sworn, states that she is over eighteen years of age and is an employee of Morgan & Morgan, P.A. On June 23, 2025, the affiant served (1) the Summons and Complaint, (2) Plaintiffs' First Interrogatories to Defendant, (3) Plaintiffs' First Requests for Production to Defendant, (4) Notice of Deposition and (5) Plaintiffs' First Requests for Admissions to Defendant in this action on Exclusive Moving and delivery, LLC by depositing those documents with the commercial delivery service Federal Express, tracking number 8821-5906-0182, to be delivered 8146 Westbourne Dr, Charlotte, NC 28216. The delivery record for that tracking number, attached as **Exhibit A**, shows that Defendant Exclusive Moving and delivery, LLC received and signed for the delivery on June 23, 2025 at 11:59 AM.

Sworn to before me this
26rd day of June, 2025

_____
Notary Public of South Carolina

My Commission expires: _3/6/29_

_____
Affiant Signature

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

# EXHIBIT A



June 26, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 882159060182

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | Z.Santo | Delivery Location: | 8146 WESTBOURNE DR |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday;<br>Residential Delivery;<br>Direct Signature Required | | CHARLOTTE, NC, 28216 |
| | | Delivery date: | Jun 23, 2025 11:59 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 882159060182 | Ship Date: | Jun 19, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Exclusive Moving and Delivery LLC
8146 WESTBOURNE DR
CHARLOTTE, NC, US, 28216

Shipper:
MORGAN & MORGAN PA
4401 Belle Oaks Dr Fl 3
NORTH CHARLESTON, SC, US, 29405

Z. SANTO
#58, 12:02, 1 Del, 0 NonDel

Thank you for choosing FedEx

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

Exhibit D- Affidavit Service Def Rodriguez

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FOR THE FIRST JUDICIAL CIRCUIT |
| COUNTY OF ORANGEBURG | |
| | CASE NO.: 2025-CP-38-00788 |
| David Gainey, | |
| Plaintiff, | |
| | **AFFIDAVIT OF SERVICE** |
| vs. | |
| Exclusive Moving and delivery, LLC, | |
| Franklyn F. Rodriguez | |
| Defendants. | |

Personally appeared before me the affiant who, being duly sworn, states that she is over eighteen years of age and is an employee of Morgan & Morgan, P.A. On June 20, 2025, the affiant served (1) the Summons and Complaint, (2) Plaintiffs' First Interrogatories to Defendant, (3) Plaintiffs' First Requests for Production to Defendant, (4) Notice of Deposition and (5) Plaintiffs' First Requests for Admissions to Defendant in this action on Franklyn F. Rodriguez by depositing those documents with the commercial delivery service Federal Express, tracking number 8821-5862-2870, to be delivered 7104 Obrien CT, Charlotte, NC 28269. The delivery record for that tracking number, attached as **Exhibit A**, shows that Defendant Franklyn F. Rodriguez received and signed for the delivery on June 20, 2025 at 11:34 AM.

Sworn to before me this
26rd day of June, 2025

Notary Public of South Carolina

My Commission expires: 3/6/29

Affiant Signature

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

# EXHIBIT A

**FedEx.**

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

June 26, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 882158622870

| Delivery Information: | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | R.Rodriguez | Delivery Location: | 7104 OBRIEN CT |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; Residential Delivery; Direct Signature Required | | CHARLOTTE, NC, 28269 |
| | | Delivery date: | Jun 20, 2025 11:34 |

| Shipping Information: | | | |
|---|---|---|---|
| Tracking number: | 882158622870 | Ship Date: | Jun 19, 2025 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
Franklyn F. Rodriguez
7104 OBRIEN CT
CHARLOTTE, NC, US, 28269

Shipper:
MORGAN & MORGAN PA
4401 Belle Oaks Dr Fl 3
NORTH CHARLESTON, SC, US, 29405



R. RODRIGUEZ
#28, 11:37, 1 Del, 0 NonDel

Thank you for choosing FedEx

Exhibit E- Defs' Answer Common Pleas Court

STATE OF SOUTH CAROLINA        )        IN THE COURT OF COMMON PLEAS
COUNTY OF ORANGEBURG           )            FIRST JUDICIAL CIRCUIT
                               )
DAVID GAINEY,                  )        CASE NO.:    2025CP3800788
                               )
        Plaintiff,             )
                               )        **DEFENDANTS' ANSWER TO**
v.                             )        **PLAINTIFF'S COMPLAINT**
                               )
EXCLUSIVE MOVING AND           )
DELIVERY, LLC AND FRANKLYN     )
F. RODRIGUEZ,                  )
                               )
        Defendants.            )
_____

Defendants Exclusive Moving and Delivery, LLC and Franklyn F. Rodriguez ("Defendants"), by and through their undersigned counsel, respond to Plaintiff's Complaint as follows:

1. Defendants are without sufficient information or knowledge to admit the allegations contained in Paragraph 1 of Plaintiff's Complaint, and they are therefore denied.

2. As to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendants admit that Defendant Rodriguez was driving the vehicle involved in the accident with Plaintiff and that Defendant Rodriguez is a citizen of the State of North Carolina and a resident of Charlotte, Mecklenburg County, North Carolina.    Defendants deny all remaining allegations contained in Paragraph 2.

3. Defendants admit the allegations contained in Paragraphs 3 through 5 of Plaintiff's Complaint.

4. Defendants denies the allegations as stated in Paragraph 6 of Plaintiff's Complaint.

5. In response to Paragraph 7 of Plaintiff's Complaint, Defendants reiterate their responses to Paragraphs 1 through 8 as if fully set forth herein.

6.  Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

7.  Paragraph 9 of Plaintiff's Complaint contains legal conclusions to which no response is required.  Should a judge deem that a response be made, Defendants deny the allegations as stated.

8.  Defendants deny the allegations contained in Paragraphs 10 through 16 of Plaintiff's Complaint.

9.  In response to Paragraph 17 of Plaintiff's Complaint, Defendants reiterate their responses to Paragraphs 1 through 16 as if fully set forth herein.

10. Paragraph 18 of Plaintiff's Complaint contains legal conclusions to which no response is required.  Should a judge deem that a response be made, Defendants deny the allegations as stated.

11. Defendants deny the allegations contained in Paragraphs 19 through 23 of Plaintiff's Complaint.

12. In response to Paragraph 31of Plaintiff's Complaint, Defendants reiterate their responses to Paragraphs 1 through 30 as if fully set forth herein.

13. Defendants admit the allegations contained in Paragraph 32 of Plaintiff's Complaint.

14. Defendants deny the allegations as stated in Paragraph 33 of Plaintiff's Complaint.

15. Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 34 of Plaintiff's Complaint, and deny any allegations contained therein.

16. In response to Paragraph 35 of Plaintiff's Complaint, Defendants reiterate their responses to Paragraphs 1 through 34 as if fully set forth herein.

17. Defendants deny the allegations contained in Paragraphs 36 and 37 of Plaintiff's Complaint.

ELECTRONICALLY FILED - 2025 Jul 17 13:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800738

ELECTRONICALLY FILED - 2025 Jul 17 13:52 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800738

18. Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 38 of Plaintiff's Complaint, and deny any allegations contained therein.

19. Defendants deny any and all allegations which they have not specifically admitted.

20. Defendants deny that Plaintiff is entitled to the relief sought in the unnumbered "WHEREFORE" paragraph of his Complaint.

### FOR A FIRST DEFENSE
### Comparative Negligence

Defendants allege that the accident as set forth in the Complaint was possibly due to Plaintiff's willful, wanton, reckless, careless and negligent acts, omissions, and/or conduct of which combined with, concurred with, and exceeded any willful, wanton, reckless or negligent acts and conduct on the part of Defendants, which is specifically denied, to bring about the injuries and claimed damages, as the proximate cause thereof, and without which the same would not have occurred and bars any recovery by Plaintiff.

That if Defendants were equally negligent as Plaintiff, or more negligent than Plaintiff, which is specifically denied, the amount of recovery of damages, if any, must be reduced in proportion to the amount of Plaintiff's negligence.

### FOR A SECOND DEFENSE
### No Punitive Damages

The Complaint fails to state a claim for punitive damages upon which relief may be granted.

As to the demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1966); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

Plaintiff's claim for punitive damages is barred, reduced, bifurcated, capped, or otherwise impacted by the South Carolina Fairness in Civil Justice Act of 2011 and/or similar and/or related state statutes and limitations.

To the extent that the Complaint seeks punitive damages, Defendants affirmatively plead the following in regard to punitive damages:

(a) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina.

(b) An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina.

(c) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina;

(d) An award of punitive damages in this civil action would amount to an excessive fine in violation of the due process provisions of the Eighth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of South Carolina; and

(e) Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

**FOR A THIRD DEFENSE**
**Sudden Emergency**

- 4 -

Defendants plead the sudden emergency doctrine as complete defense to all claims by Plaintiff.

### FOR A FOURTH DEFENSE
**Unavoidable Accident**

Defendants assert that the accident at issue in this matter may have been unavoidable for due to the conditions then and there existing which created the situation.  Defendants therefore plead the unavoidable accident defense as a bar to Plaintiff's claims.

### FOR A FIFTH DEFENSE
**Lack of Proximate Cause**

Defendants alleged acts or omissions were not the proximate cause of Plaintiff's claimed injuries.

### FOR A SIXTH DEFENSE
**Reservation and Incorporation**

Defendants reserve the right to raise additional defenses as discovery has not begun.


WHEREFORE, having fully answered the Complaint, Defendants demand that:

(a)     the Complaint be dismissed;

(b)     Defendants be awarded their costs of this action;

(c)     that there be a trial by jury; and

(d)     for any further relief as this Court deems just and proper.


This 17th day of July 2025.

By:   s/ W. James Flynn
W. James Flynn
SC Bar No. 15830
4000 S. Faber Place Drive
Charleston, SC 29405
jflynn@chartwelllaw.com
(704) 313-6645 Phone
(610) 666-7704 Fax
Attorneys for Defendants Exclusive Moving and Delivery,
LLC and Franklyn E. Rodriguez

ELECTRONICALLY FILED - 2025 Jun 25 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ORANGEBURG | ) | FIRST JUDICIAL CIRCUIT |
| | ) | |
| DAVID GAINEY, | ) | CASE NO.:     2025CP3800788 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS' OFFER OF JUDGMENT** |
| v. | ) | **PURSUANT TO RULE 68, SCRCP** |
| | ) | |
| EXCLUSIVE MOVING AND | ) | |
| DELIVERY, LLC AND FRANKLYN | ) | |
| F. RODRIGUEZ, | | |
| | | |
| Defendants. | | |

Defendants Exclusive Moving and Delivery, LLC and Franklyn F. Rodriguez ("Defendants"), by and through their undersigned counsel, hereby offer to allow judgment to be taken against them jointly in the amount of Seventy-Five Thousand One and 00/100 Dollars ($75,001.00) on Plaintiff's claim for damages pursuant to Rule 68 of the South Carolina Rules of Civil Procedure.   This offer of judgment of Seventy-Five Thousand One and 00/100 Dollars ($75,001.00) is inclusive of Plaintiff's damages, any and all costs incurred to date by Plaintiff or Plaintiff's counsel, including but not limited to any costs as defined by Rule 54(d) or taxable costs as defined by Rule 54(d) of the South Carolina Rules of Civil Procedure, S.C. Code Ann. §15-37-10, et seq., and/or attorney's fees.  Should this Offer of Judgment not be accepted within twenty (20) days, it is deemed withdrawn, and Defendants shall proceed with litigating the matter in preparation for trial. Further, should this Offer of Judgment not be accepted, Defendants reserve the right to pursue all available remedies available under Rule 68(b) including, but not limited to, all available costs allowed.

This Offer of Judgment shall not in any way be considered an admission of liability by the Defendants. This Offer of Judgment is made only in an effort to avoid the otherwise necessary

costs of litigating this matter in preparation for trial.

This 26th day of June 2025.

By:     s/ W. James Flynn
        W. James Flynn
        SC Bar No. 15830
        4000 S. Faber Place Drive
        Charleston, SC 29405
        jflynn@chartwelllaw.com
        (704) 313-6645 Phone
        (610) 666-7704 Fax
        Attorneys for Defendants Exclusive Moving and Delivery,
        LLC and Franklyn E. Rodriguez

ELECTRONICALLY FILED - 2025 Jun 26 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF ORANGEBURG ) FIRST JUDICIAL CIRCUIT
)
DAVID GAINEY, ) CASE NO.:    2025CP3800788
)
    Plaintiff, )
) **NOTICE TO STATE COURT OF**
v. ) **REMOVAL TO FEDERAL DISTRICT**
) **COURT**
EXCLUSIVE MOVING AND )
DELIVERY, LLC AND FRANKLYN )
F. RODRIGUEZ, )
)
    Defendants.

To:    Winnifa Brown
    Orangeburg County Clerk of Court

    Plaintiff c/o his attorneys, James G. Biggart, II and M. Cooper Klaasmeyer,
    Morgan & Morgan P.A.

You are hereby notified of the filing of a Notice of Removal to the United States District

Court for the District of South Carolina, Orangeburg Division for this case in accordance with the

provisions of Section 1332, Title 28 of the United States Code. A copy of said Notice filed is

attached hereto.

This 17th day of July 2025.

By:   s/ W. James Flynn
    W. James Flynn
    SC Bar No. 15830
    4000 S. Faber Place Drive
    Charleston, SC 29405
    jflynn@chartwelllaw.com
    (704) 313-6645 Phone
    (610) 666-7704 Fax
    Attorneys for Defendants Exclusive Moving and Delivery,
    LLC and Franklyn E. Rodriguez

ELECTRONICALLY FILED - 2025 Jul 17 3:54 PM - ORANGEBURG - COMMON PLEAS - CASE#2025CP3800788